UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-005-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KANQUON FREEMAN, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Kanquon Freeman has submitted a letter, which the Court construes as a motion, seeking appointment of counsel to assist him with filing future motions. Specifically, he requests "legal representation to" file a motion to vacate his sentence under 28 U.S.C. § 2255, "look into [his] conditions" of incarceration, and "file with the Court for compassionate release" under 18 U.S.C. § 3582(c).[1] He also requests copies of the docket sheet, transcripts of his sentencing hearing, and any rulings of United States Court of Appeals for the Sixth Circuit Court in his case. [Motion, p. 1]

Freeman pleaded guilty to one count of conspiring to commit bank fraud on September 25, 2015. [Record No. 294] He was sentenced on April 6, 2016, to 122 months' incarceration and a five-year term of supervised released. [Record No. 412] He appealed his conviction and sentence to the Sixth Circuit, but his appeal was dismissed on April 18, 2017. [Record No. 419, 478]

---

[1] Freeman's letter was not filed with the Clerk, but it will be docketed upon entry of this Order. References to it will be styled as: [Motion, p. 1].

Freeman complains about the circumstances of a recent transfer.  He alleges that he was transferred from FCI Atlanta to FCI Memphis "to participate in the Residential Drug Program." [Motion, p. 1]  He states that he was placed in quarantine in Atlanta from August 12, 2020, until his transfer on August 25, 2020,  despite "test[ing] negative twice" for COVID-19. [*Id.*]  When he arrived at FCI Memphis, Freeman contends that he was "held in lockdown for an extra 10 days" despite again "test[ing] negative twice." [*Id.*]  He claims to have only been allowed out of lockdown for three hours each day, and that he eventually "tested positive for COVID-19 and remain[s] in isolation." [*Id.*]

As noted, Freeman seeks appointment of counsel to file a motion under 28 U.S.C. § 2255.  However, "[a] prisoner challenging the legality of his conviction . . . enjoys no constitutional right to court-appointed counsel at Government expense."  *United States v. Rodriguez Lopez*, No. 6:14-CR-021-GFVT, 2018 WL 9880435, at *1 (E.D. Ky. Feb. 1, 2018) (citing *United States v. Vasquez*, 7 F.3d 81 (5th Cir. 1993)).  As such, appointment of counsel to pursue a § 2255 motion is within the Court's discretion.  *Id.*  Freeman has not yet filed his collateral attack, and his motion for appointment of counsel is premature.  *See United States v. Randall*, No. 1:03-CR-246, 2013 WL 12415218, at *1 (E.D. Tenn. Oct. 29, 2013).  Should he file such a motion, the Court may consider whether he qualifies for appointment of counsel at that time.

Next, Freeman hopes to have counsel review the conditions attendant to his recent transfer and COVID-19 diagnosis, likely in support of the intended motion for compassionate release.  But again, there is no constitutional right to appointed counsel when it comes to filing motions for relief under 18 U.S.C. § 3582(c).  *See United States v. Bruner*, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017) (collecting cases).  And the decision of whether to appoint

counsel lies within the Court's discretion.  *See Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *United States v. Bond*, 2016 WL 9343991, at *3 (E.D. Ky. Feb. 12, 2016).  Whether an individual is entitled to compassionate release is typically a straightforward determination made from the record.  Freeman presumably has access to medical and other records that would support a claim for compassionate release, and there is no indication that assistance of counsel would increase his chances of success.

Finally, Freeman requests copies of various court records.  Such requests should be directed to the Clerk of Court.  Similarly, Freeman's request for records related to his appeal should be directed to the Clerk of Court for the Sixth Circuit Court of Appeals.  To assist Freeman in identifying and paying for copies of materials in the file of this action, the Clerk will be directed to forward to Freeman a copy of the docket sheet for his case.

Accordingly, it is hereby

**ORDERED** as follows:

1.    Defendant Kanquon Freeman's motion for appointment of counsel and copies of records is **DENIED**.

2.    The Clerk of Court is directed to file a copy of Freeman's motion in the record and forward a copy of the docket sheet to Freeman.

Dated:  October 7, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

- 3 -